IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23–cv–00879–RMR–MDB

DOUGLAS BRUCE,

    Plaintiff,

v.

AURORA CONVENTION CENTER HOTEL LESSEE, LLC d/b/a GAYLORD ROCKIES RESORT & CONVENTION CENTER, and
MARRIOTT HOTEL SERVICES, LLC,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Maritza Dominguez Braswell**

This matter is before the Court on Plaintiff's Motion to Remand to El Paso County District Court. (["Motion"], Doc. No. 22.) Defendants indicate that the Motion is unopposed. (["Response"], Doc. No. 26.)

### BACKGROUND

On March 7, 2023, Plaintiff, a citizen of Colorado, initiated this case in El Paso County District Court, asserting claims stemming from injuries he suffered attending the Western Conservative Summit at the Gaylord Rockies Resort & Convention Center in 2022. (Doc. No. 3 at 2–4.) Plaintiff's original complaint asserted claims against Defendants Aurora Convention Center Hotel Lessee, LLC and Marriott Hotel Services, LLC. On April 7, 2023, Defendants Aurora Convention Center Hotel Lessee, LLC and Marriott Hotel Services, LLC removed the

case to federal court based on diversity jurisdiction. (Doc. No. 1.) On May 21, 2023, Plaintiff filed a notice of intent to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). (Doc. No. 21.) In the Notice, Plaintiff indicates his intent to join two new defendants to the action: Colorado Christian University ["CCU"] and ShowPro, Inc. (*Id.*) "[CCU] is a Colorado nonprofit corporation with its principal place of business at 8787 W. Alameda Ave., Lakewood, CO 80226." (*Id.* at 2.) Plaintiff contends that the joinder of CCU to the action destroys diversity jurisdiction, and he seeks remand to El Paso County Court. (Doc. No. 22.)

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Pursuant to 28 U.S.C. § 1441(a), a civil action filed in state court is removable only if the plaintiff could have originally brought the action in federal court. 28 U.S.C. § 1441(a); *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012) (stating that removal is appropriate "if, but only if, federal subject-matter jurisdiction would exist over the claim.") (internal quotations omitted). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

In this case, Defendants assert federal subject matter jurisdiction predicated solely upon diversity of citizenship, which requires: (1) complete diversity among the parties; and (2) that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction exists only if no plaintiff or defendant are citizens of the same state. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (construing 28 U.S.C. §

2

1332 to require "complete diversity between all plaintiffs and all defendants" (citation omitted)). For individuals, "state citizenship is the equivalent of domicile." *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983). On the other hand, an incorporated entity is deemed a citizen of any state in which it has been incorporated and, if different, the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see SodexoMAGIC, LLC v. Drexel Univ*. 24 F4th 183, 202 (3rd Cir. 2022) (stating that a university, as nonprofit corporation, "has citizenship for purposes of the diversity statute in the state of its incorporation and in the state of its principal place of business").

## ANALYSIS

Plaintiff seeks to have this case remanded to El Paso County District Court based on his intent to join CCU, a Colorado nonprofit corporation, and thus a non-diverse party, as a Defendant. (*See* Doc. No. 22.) In some instances, though amendment would otherwise be allowed under Federal Rule of Civil Procedure 15's permissive amendment strictures, 28 U.S.C. § 1447(e) grants the district court discretion to deny diversity jurisdiction-destroying joinder and to decline to remand the case to state court. *See* 28 U.S.C. § 1447(e) (stating that in removal cases, the district court "*may* deny joinder, or permit joinder and remand the action to the State court" (emphasis added)). Courts utilize their discretion to deny joinder in cases of "fraudulent joinder"—that is, when a party is added to the case for no other purpose than to destroy subject matter jurisdiction. *See Baumeister v. Home Depot U.S.A., Inc*., No. 10-CV-02366-LTB-MJW, 2011 WL 650338, at *2 (D. Colo. Feb. 11, 2011) (discussing fraudulent joinder and enumerating relevant factors in making such a determination). However, after reviewing the docket and proposed amendments, the Court sees no indication that the sought joinder is fraudulent. Further,

the Court notes that Defendants state they are unopposed to the amendment or the Motion. (Doc. No. 26); *see Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). ("The party invoking federal jurisdiction bears the burden of establishing such jurisdiction ….").

Accordingly, the Court **RECOMMENDS** that the Motion is **GRANTED**, Plaintiff's proposed amendment permitted, and the case **REMANDED** to El Paso County District Court.

Dated this 26th day of May, 2023.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge

4